■ In the Matter of Cara Marks, Respondent, v Michael Marks, Appellant. [708 NYS2d 407] —Order, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about February 23, 1999, which, to the extent appealed from, denied the objection of respondent Michael Marks to that portion of the decision of the Hearing Examiner dated October 23, 1998, which, on respondent's default, granted the request of the New York City Law Department for attorney's fees and related costs in the amount of $95,685, and refused to vacate his default, unanimously reversed, to the extent appealed, on the law, the facts and in the exercise of discretion, without costs, respondent's default and the ensuing award vacated and the matter remanded for a hearing on the merits respecting the Law Department's request for attorney's fees, on condition that respondent-appellant post an undertaking in the amount of $25,000 within 30 days of service of a copy of this court's order, with notice of entry.

Respondent has a long history of failing to meet his child support obligations, and the Corporation Counsel was assigned to represent his wife in enforcement proceedings. After he was sentenced to six months in prison, and was jailed, he paid his arrears. A hearing was then scheduled on the Corporation Counsel's request for attorney's fees, and, after appellant

defaulted, an order was entered by the Hearing Examiner, which directed the payment of $95,685, representing attorney's fees, the costs of fringe benefits for the attorneys, and related expenses. Family Court denied appellant's objections in view of his default, without addressing the merits.

Although respondent did not appear on the scheduled date, he had not previously missed an appearance in the litigation respecting the Law Department's request for attorneys' fees, and it does not appear that his nonappearance on the occasion in question was willful. Moreover, respondent has proffered a reasonable excuse for his failure to appear as well as a meritorious defense to the Law Department's request for attorneys' fees, fringe benefits and related fees totaling some $95,685. Thus, we conclude that respondent's default should be vacated and he should be given an opportunity to contest the Law Department's fee request on the merits. We, however, deem it appropriate under all the circumstances, including the long history of enforcement proceedings to effect collection of prior arrears, to condition vacatur of respondent's default on his posting of an undertaking in the amount of $25,000. Concur—Williams, J. P., Mazzarelli, Lerner, Andrias and Friedman, JJ.